**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Robert Miller Photographer, LLC, | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The First Digital, Inc., | |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiff Robert Miller Photographer, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant The First Digital, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Robert Miller ("Miller") is a professional photographer, photojournalist, and visual-content creator whose work has been widely recognized throughout the news, editorial, media, and commercial-content industries.

3. For many years, Miller has devoted his career to documenting public-interest events, breaking news incidents, public figures, and other matters of public concern. His photographs and videos have appeared in newspapers, magazines, websites, media outlets, and other publications throughout the United States and internationally.

4. Miller's visual works are routinely licensed for authorized editorial, commercial, promotional, documentary, and digital-media uses. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Miller has developed a valuable portfolio of original photographic and audiovisual works.

1

5.    Plaintiff derives income from the licensing and authorized use of copyrighted photographic and audiovisual works and relies upon licensing revenue as an important component of its business operations.

6.    Plaintiff created a photograph and a video depicting a woman holding a machete to a man's neck (the "Photograph" and the "Video") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

7.    Defendant owns and operates the website located at www.thefirsttv.com (the "Website").

8.    Upon information and belief, Defendant uses the Website to publish and distribute news articles, commentary, editorial content, photographs, videos, advertising materials, sponsored content, and other media-related content.

9.    Upon information and belief, Defendant derives commercial benefit from the operation of the Website through advertising revenue, subscriptions, audience engagement, customer traffic, brand promotion, and related revenue-generating activities.

10.    Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph and the Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

11.    Robert Miller Photographer, LLC is a New York limited liability company and maintains its principal place of business in New York County, New York.

12.    Defendant is a Delaware corporation with a principal place of business at 129 W 29th St 600N, New York in New York County, New York.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

14.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

15.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

16.     Miller is a professional photographer, photojournalist, and visual-content creator whose work has been widely recognized throughout the news, editorial, media, and commercial-content industries.

17.     Plaintiff has devoted substantial time, skill, effort, and expense to developing its photography business and creating a portfolio of original photographic and audiovisual works.

18.     Plaintiff's photographs and videos are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

19.     Plaintiff derives income from the licensing and authorized use of copyrighted photographic and audiovisual works and relies upon licensing revenue as an important component of its business operations.

20.     Unauthorized use of Plaintiff's copyrighted works deprives Plaintiff of licensing income, diminishes the value of those works, and interferes with the market for authorized licenses.

21.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

22.     Plaintiff's photographs and videos are original, creative works in which Plaintiff owns protectable copyright interests.

23.     On May 23, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

24.     Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

3

25.     On June 30, 2023, the Photograph was registered by the USCO under Registration No. VA 2-356-558. On April 15, 2025, a supplementary registration was issued under Registration No. VA 2-469-876.

26.     On May 23, 2023, Plaintiff first published the Video. A screengrab of the Video is attached hereto as Exhibit 1.

27.     On August 25, 2023, the Video was registered by the USCO under Registration No. PA 2-433-387.

28.     In creating the Photograph and the Video, Miller personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, camera equipment, framing, and other creative elements utilized in the creation of the works and made each and every artistic determination necessary for their creation.

29.     Plaintiff created the Photograph and the Video with the intention that they be used commercially and for the purpose of display and/or public distribution.

30.     Plaintiff acquired the rights in and to the Photograph and the Video by way of written assignment.

**B.      Defendant's Infringing Activity**

31.     Defendant is the registered owner of the Website and is responsible for its content.

32.     Defendant is the operator of the Website and is responsible for its content.

33.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

34.     The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

35.     The Website is monetized in that it sells membership services to the public and, on information and belief, Defendant profits from these activities.

36.     Upon information and belief, Defendant exercises editorial, managerial, operational, and financial control over the content appearing on the Website, including the creation, acquisition, selection, editing, publication, display, distribution, and removal of content.

4

37.    Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract readers, increase audience engagement, generate advertising impressions, increase subscriptions, and enhance Defendant's brand recognition.

38.    At all relevant times, content published, reproduced, distributed, displayed, and otherwise made available through the Website was subject to Defendant's direction and control, including the infringing content alleged herein.

39.    Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs and videos on the Website.

40.    Upon information and belief, Defendant is a sophisticated media business that regularly utilizes professional photography, video content, and visual media in connection with its editorial and commercial operations.

41.    On or about May 24, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Website as part of an on-line story at URL: https://www.thefirsttv.com/unhinged-woke-professor-fired-after-threatening-reporter-with-a-machete/ ("*Infringement*" #1). A copy of a screengrab depicting Infringement #1 is attached hereto as Exhibit 2.

42.    The Photograph was reproduced, displayed, and stored by Defendant at URL: https://tf-a1.freetls.fastly.net/uploads/2023/05/Professor.jpg.

43.    Upon information and belief, the Photograph remained accessible at the foregoing URL after Defendant received notice of Plaintiff's claims.

44.    The Video was reproduced, displayed, and stored by Defendant through the Website in connection with the Infringements.

45.    Plaintiff first observed Infringement #2 on August 21, 2023, and first observed Defendant's infringement of the Video on that date.

46.    On or about May 24, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video on the Website as part of an on-line story

at URL: https://www.thefirsttv.com/unhinged-woke-professor-fired-after-threatening-reporter-with-a-machete/ ("Infringement" #2). A copy of a screengrab depicting Infringement #2 is attached hereto as Exhibit 2.

47.    The Photograph and the Video were reproduced, displayed, and stored by Defendant at the URLs identified herein.

48.    The Infringements are copies or substantially similar copies of Plaintiff's Photograph and Video, including protectable elements such as composition, subject matter, timing, angle, perspective, sequence, and overall expressive content.

49.    Plaintiff first observed Infringement #2 and Defendant's infringement of the Video on August 21, 2023.

50.    Upon information and belief, the Photograph and the Video were copied, reproduced, displayed, distributed, and otherwise exploited by Defendant without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph and the Video.

51.    The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

52.    Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph and Video.

53.    Upon information and belief, the Photograph and the Video were willfully and volitionally posted to the Website by Defendant.

54.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

55.    Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

56.    Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

57.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

58.    Upon information and belief, Defendant continued to derive commercial benefit from maintaining the Photograph on its servers and making the Photograph available through the URL identified herein after receiving actual notice of Plaintiff's claims.

59.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

60.    Upon information and belief, the Infringements increased traffic to the Website and generated additional advertising impressions, audience engagement, subscription value, customer interest, and commercial value for Defendant.

61.    Upon information and belief, Defendant distributed the Infringements to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, subscription activity, and promotional exposure.

62.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted materials.

63.    Defendant's unauthorized use usurps the market for licensed uses of the Photograph and the Video and undermines Plaintiff's ability to license the Photograph, the Video, and related visual content to other commercial entities.

64.    On or about May 13, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted works and compensate Plaintiff for its unauthorized use thereof.

7

65. Despite receiving notice of Plaintiff's claims and being afforded an opportunity to resolve the matter without litigation, Defendant failed and/or refused to adequately address Plaintiff's claims.

66. Following receipt of Plaintiff's notice, Defendant removed the infringing webpage containing the Photograph and the Video. However, upon information and belief, Defendant continued to reproduce, store, and make available the Photograph at the URL identified herein, including through the image file located at https://tf-a1.freetls.fastly.net/uploads/2023/05/Professor.jpg.

67. Defendant's continued reproduction, storage, and availability of the Photograph after receiving actual notice of Plaintiff's claims evidences willful infringement and a deliberate disregard for Plaintiff's rights under the Copyright Act.

68. Upon information and belief, Defendant possessed the right and ability to remove or disable access to the Photograph following receipt of Plaintiff's notice but failed and/or refused to do so.

69. Upon information and belief, Defendant's continued display, storage, and distribution of the Photograph after receiving actual notice of Plaintiff's claims was intentional, knowing, and willful and was undertaken in conscious disregard of Plaintiff's rights under the Copyright Act.

70. Upon information and belief, Defendant's continued display of the Infringements after receiving actual notice of Plaintiff's claims was intentional, knowing, and willful and was undertaken in conscious disregard of Plaintiff's rights under the Copyright Act.

71. Defendant's continued display of the Infringements after receiving actual notice of Plaintiff's claims evidences willful infringement and a deliberate disregard for Plaintiff's rights under the Copyright Act.

72. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

73.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

74.     The Photograph and the Video are original, creative works in which Plaintiff owns valid copyrights.

75.     The Photograph and the Video are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

76.     Plaintiff has not granted Defendant a license or the right to use the Photograph and the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

77.     Without permission or authorization from Plaintiff and in violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied, reproduced, distributed, and publicly displayed the Photograph and the Video, thereby violating Plaintiff's exclusive rights under the Copyright Act.

78.     Defendant's reproduction of the Photograph and the Video and display of the Photograph and the Video constitutes willful copyright infringement.

79.     Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph and Video in violation of Title 17 of the United States Code by using, publishing, posting, displaying, communicating, publicizing, and otherwise holding out to the public for commercial benefit Plaintiff's original Photograph and Video without Plaintiff's license, consent, or authorization.

80.     As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to an award of actual damages and disgorgement of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages for each copyrighted work infringed pursuant to 17 U.S.C. §504(c).

81.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in

its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

82.    As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. §502.

**SECOND COUNT**
***(Removal and/or Alteration of Copyright Management***
***Information 17 U.S.C. § 1202(b))***

83.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

84.    The    Photograph,    as    originally    published    at    URL: https://nypost.com/2023/05/23/nyc-college-professor-shellyne-rodriguez-holds-machete-to-post-reporters-neck/ , contained a gutter credit identifying Plaintiff as the author of the work. Such credit constitutes copyright management information ("CMI") within the meaning of 17 U.S.C. §1202(c). A copy of the Original Source page is attached hereto as Exhibit 3.

85.    Defendant distributed and publicly displayed the Photograph without Plaintiff's CMI because no photographer credit accompanied Defendant's display of the Photograph on the Website.

86.    Upon information and belief, Defendant distributed and publicly displayed the Photograph after Plaintiff's CMI had been removed and/or altered without Plaintiff's authorization.

87.    Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate or conceal its infringement.

88.    Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

89.    Defendant's conduct violates 17 U.S.C. § 1202(b).

90.    Plaintiff has sustained substantial injury and monetary damages as a result of

10

Defendant's wrongful acts alleged herein in an amount to be proven at trial.

91.     As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. §1203(c)(2), Plaintiff is entitled to recover actual damages suffered as a result of the violation, including any profits of Defendant attributable to the violation, or, alternatively, statutory damages pursuant to 17 U.S.C. §1203(c)(3) in an amount of not less than $2,500 and not more than $25,000 for each violation of 17 U.S.C. §1202(b).

92.     As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

93.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph and the Video in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph and the Video by copying and displaying it without a license or consent;

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d.     for an award of actual damages or, in the alternative, statutory damages

11

against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e.　　for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

f.　　for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g.　　for pre-judgment interest as permitted by law; and

h.　　for any other relief the Court deems just and proper.

DATED: August 4, 2026

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128655

*Attorneys for Plaintiff*